UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL ALETUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-2180 (ABJ) |
| | ) |
| WESCO INC., | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

Plaintiff Michael Aletum has brought this action against defendant Wesco Inc., a warehouse located in Maryland. Compl.[1] [Dkt. # 7]; Mot. to Dismiss [Dkt. # 11] ("Mot.") at 2, 7. He alleges that defendant discriminated against him in violation of the Americans with Disabilities Act of 1990. Compl. ¶ 19. Defendant moved to dismiss the action for improper venue under Federal Rule of Civil Procedure 12(b)(3). Mot. at 1. Plaintiff opposed the motion to dismiss, but he has requested, in the alternative, that the Court transfer this case to another district. Pl.'s Opposition to Motion to Dismiss [Dkt. # 13] ("Opp.") at 7. Because the Court finds that the District of Columbia is not a proper venue for plaintiff's Americans with Disabilities Act claim, but the District of Maryland is an appropriate venue, the Court will transfer this action to the United States District Court for the District of Maryland.

### BACKGROUND

Plaintiff is a resident of Maryland and according to the complaint, he is deaf of hearing. Compl. ¶ 4. On July 25, 2019, plaintiff applied to work as a "Warehouse Associate" for defendant,

---

1   Plaintiff titles his filing "Amended Complaint," but this is the only complaint listed on the Court's docket. The Court will refer to the "Amended Complaint" filed on January 20, 2022 as the "Complaint."

a warehouse located in Maryland with its principal place of business in Pennsylvania.  Compl. ¶ 11; Mot. at 2, 7.  On October 29, 2019, plaintiff received an email from a recruiter regarding scheduling an in-person interview with defendant.  Compl. ¶ 12.  On the same day, plaintiff left a message through Purple Video Relay Service ("PVRS"), which provides American Sign Language ("ASL") interpreters to deaf people, requesting an accommodation to have a translator present during his interview.  Compl. ¶ 12.  Plaintiff alleges that on November 1, 2019, he received a voicemail from the recruiter through PVRS informing him that defendant had refused his request and cancelled the interview.  Compl. ¶ 13.  On August 28, 2020, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, ("EEOC") and alleges that "[i]n or around September 2020," the EEOC issued plaintiff a Right to Sue Letter.  Compl. ¶ 14.

## STANDARD OF REVIEW

"In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." *Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 17 (D.D.C. 2008), citing *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 276–77 (D.D.C. 2002).  The court may consider material outside of the pleadings.  *Artis v. Greenspan*, 223 F. Supp. 2d 149, 152 (D.D.C. 2002), citing *Land v. Dollar*, 330 U.S. 731, 735 n. 4 (1947).  "Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003).  "Unless there are pertinent factual disputes to resolve, a challenge to venue presents a pure question of law." *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 62 (D.D.C. 2011).

**ANALYSIS**

In ADA cases, venue is governed by the factors set out in section 2000e-5(f)(3) of Title VII of the Civil Rights Act. *See Johnson v. Deloitte Servs., LLP*, 939 F. Supp. 2d 1, 3 (D.D.C. 2013); 42 U.S.C. § 12117(a) (2006) ("The powers, remedies, and procedures set forth in section[ ] 2000e- 5 . . . shall be the powers, remedies, and procedures this subchapter provides . . . to any person alleging discrimination on the basis of disability in violation of any provision of this chapter . . ."); *see also James v. Verizon Servs. Corp.*, 639 F. Supp. 2d 9, 11 n.3 (D.D.C. 2009). Section 2000e-5(f)(3) provides that actions arising under the ADA may be brought: (1) in any judicial district in the state where the unlawful employment practice is alleged to have been committed; (2) in the judicial district where the employment records relevant to the alleged unlawful practice are maintained and administered; or (3) in the judicial district where the aggrieved person would have worked but for the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(f)(3). In addition, if the respondent is not found within any of the districts described in the first three options, the statute allows the action to be brought in the judicial district where defendant has its principal office. *Id.*

The District of Columbia is not an appropriate venue under any prong of the ADA venue provision. There are no allegations that plaintiff worked or suffered injury in the District of Columbia, or that defendant maintains any employment records in the forum. The complaint also does not contain any allegations that plaintiff would have worked in the District of Columbia but for the alleged unlawful employment practice. Finally, defendant's principal place of business is in Pennsylvania, not the District of Columbia. Mot. at 7. In any event, this fourth option would not be available: the statute only authorizes suit in the district where the respondent has its principal office if respondent is not found within any of the districts where venue is proper under the other three prongs. *See* 42 U.S.C. § 2000e–5(f)(3); *see also Khalil v. L-3 Commc'ns Titan*

3

*Grp.*, 656 F.Supp.2d 134, 136 (D.D.C.2009), citing *Donnell v. Nat'l Guard Bureau*, 568 F. Supp. 93, 95 (D.D.C.1983) ("[T]he Court cannot even consider the fourth venue scenario, as this subsection applies *only* in the event that the defendant is not located in one of the first three districts.") (emphasis in original). In this case, plaintiff applied to work at a site in Maryland, which appears to be where venue is proper for at least two of the three scenarios under section 2000e-5(f)(3), so its principal place of business is irrelevant.

Although defendant has asked the Court to dismiss this action, plaintiff requests that the Court instead transfer the case to another district. Opp. at 7. The Court will construe plaintiff's request for transfer to be under 28 U.S.C. § 1406(a), which permits the Court to transfer a case for which venue is improper to any district where it could have been brought, if transfer is in the interest of justice.

"Although the decision to transfer or dismiss is committed to the sound discretion of the district court, the interest of justice generally requires transferring a case to the appropriate judicial district in lieu of dismissal." *Ellis-Smith v. Sec'y of the Army*, 793 F. Supp. 2d 173, 177 (D.D.C. 2011), citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962). Further, the "standard remedy for improper venue is to transfer the case to the proper court rather than dismissing it—thus preserving a petitioner's ability to obtain review." *Nat'l Wildlife Fed'n v. Browner*, 237 F.3d 670, 674 (D.C. Cir. 2001), citing 15 Charles Alan Wright et al., *Federal Practice and Procedure* § 3827 (2d ed. 1986) ("It is not surprising that in most cases of improper venue the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss.").

The Court will therefore transfer this case to the District Court for the District of Maryland, which satisfies two of the venue options under section 2000e-5(f)(3). The unlawful employment

practice is alleged to have been committed in Maryland, and Maryland is where plaintiff would have worked but for the alleged unlawful employment practice.

## CONCLUSION

The Court finds that the District of Columbia is not an appropriate venue for plaintiff's claim under the Americans with Disabilities Act. However, finding it to be in the interest of justice, the Court will exercise its discretion to transfer this action. It is hereby

**ORDERED** that pursuant to 28 U.S.C. 1406(a), this case is **TRANSFERRED** to the United States District Court for the District of Maryland, where venue is appropriate. It is therefore

**ORDERED** that defendant's motion to dismiss [Dkt. # 11] is **DENIED** as moot.

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE: February 10, 2023