IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| MICHAEL ALETUM, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 23-cv-494-PX |
| WESCO DISTRIBUTION, INC., | * | |
| Defendant. | * | |

******

## MEMORANDUM OPINION

Pending in this disability discrimination action is Defendant Wesco Distribution, Inc. ("Wesco")'s[1] motion to dismiss for failure to exhaust administrative remedies. ECF No. 17. The issues are fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, Defendant's motion is GRANTED.

**I.     Background**

The Court construes the facts in the Complaint as true and most favorably to Plaintiff, Michael Aletum ("Aletum"). The Court also considers the documents attached to Wesco's motion to dismiss, namely, the Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination (the "Charge"), ECF No. 17-2, the Notice & Acknowledgment of Dual-Filed Charge (the "Notice"), ECF No. 17-3 at 5, and the EEOC activity log (the "Activity Log"), ECF No. 17-4.[2]

---

[1] The correct name for Defendant is Wesco Distribution, Inc., not "Wesco, Inc.," as written in the Complaint. ECF No. 17-1 at 1 n.1. The Clerk shall amend the docket to reflect the correct title for Defendant.

[2] "In reviewing a 12(b)(6) dismissal, [the Court] may properly take judicial notice of matters of public record." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). The Charge, the Notice, and the Activity Log are all public records, so the Court will consider them. *See Davis v. Navy Fed. Credit Union*, No. 11-01282 JCC/TCB, 2012 WL 73233, at *3 (E.D. Va. Jan. 10, 2012), *aff'd*, 474 F. App'x 398 (4th Cir. 2012). Moreover, these documents "are necessary to decide issues like exhaustion of administrative remedies," central to Plaintiff's claim. *Clarke v. DynCorp Int'l LLC*, 962 F. Supp. 2d 781, 787 (D. Md. 2013); *see also Gaines v.*

On July 25, 2019, Aletum, who is deaf, applied for a position as a Warehouse Associate at Wesco.  ECF No. 7 ¶ 11.  On October 29, 2019, Aletum received an email from recruiter, Peter Williams ("Williams"), to schedule an in-person interview with Wesco's point-of-contact, Peter Krause ("Krause").  *Id.* ¶ 12.  That same day, Aletum left Williams a message using Purple Video Relay Service, a service that provides American Sign Language ("ASL") interpreters.  *Id.*  Aletum requested that Williams provide an ASL interpreter for the interview.  *Id.*  On November 1, 2019, Aletum received a message from Williams informing Aletum that Krause had decided to refuse the request for an ASL interpreter and had cancelled the interview.  *Id.* ¶ 13.

Thereafter, Aletum filed his formal Charge with the EEOC, alleging disability discrimination in violation of the Americans with Disabilities Act of 1990, (the "ADA"), 42 U.S.C. §§ 12101 *et seq*.  The timing of the filing, however, is less than clear.  Aletum avers that he filed the Charge on August 28, 2020, ECF No. 7 ¶ 14, but the Activity Log reflects that the Charge was filed three days later, on August 31.  ECF No. 17-3 at 5; ECF No. 17-4 at 16.

On May 12, 2021, the EEOC issued Aletum a right-to-sue letter.  ECF No. 17-4 at 3; ECF No. 20 at 4.  Aletum next filed suit in the United States District Court for the District of Columbia on January 20, 2022, alleging that Wesco violated the ADA.  ECF No. 7 ¶¶ 15–22.  After an initial round of pleadings, the District of Columbia Court determined that venue was proper in the District of Maryland and transferred the matter to this Court.  ECF Nos. 15 & 16.  Wesco, in turn, moved to dismiss the Complaint.  ECF No. 17.

## II.   Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint.  *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).  The Court accepts "the

---

*Baltimore Police Dep't*, No. ELH-21-1211, 2023 WL 2185779, at *10 (D. Md. Feb. 22, 2023) (citations omitted) (observing that "[i]n employment discrimination cases, courts often take judicial notice of EEOC charges and EEOC decisions").

well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555)). The Court must be able to deduce "more than the mere possibility of misconduct"; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief. *See Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015) (quoting *Iqbal*, 556 U.S. at 679), *aff'd in relevant part*, 659 F. App'x 744 (4th Cir. 2016).

**III.    Analysis**

Wesco principally contends that the Complaint must be dismissed because Aletum failed to exhaust his administrative remedies. ECF No. 17-1 at 4. Before filing suit in this Court, a plaintiff seeking relief under the ADA must first file a timely administrative charge with the EEOC or an appropriate state or local agency. *Syndnor v. Fairfax Cnty.*, 681 F.3d 591, 593 (4th Cir. 2012); *see also* 42 U.S.C. § 12117(a) (incorporating filing requirements of Title VII at 42 U.S.C. § 2000e-5). Where, as here, a state agency exists to enforce discrimination laws, the charge must be filed "within three hundred days after the alleged unlawful unemployment practice occurred." 42 U.S.C. § 2000e-5(e)(1); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002) ("A discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened.' A party, therefore, must file a charge within either 180 or 300 days of the date of the act or lose the ability to recover for it."); *Tolliver v. Eleven Slade Apartment Corp.,* No. CCB-19-2478, 2020 WL 6450282, at *2 (D. Md. Nov. 2, 2020); *Valderrama v. Honeywell Tech.*

*Sols., Inc.*, 473 F. Supp. 2d 658, 662 n.4 (D. Md. 2007), *aff'd*, 267 F. App'x 256 (4th Cir. 2008); *Bishop v. Bd. of Educ. of Calvert Cnty.*, No. DKC-11–1100, 2011 WL 2651246, at *3 (D. Md. July 5, 2011).

The parties do not dispute that the last alleged act of discrimination occurred on November 1, 2019, when Wesco canceled Aletum's job interview. ECF No. 7 ¶ 13. Accordingly, Aletum had 300 days from that date, or until August 27, 2020, to file the Charge. Under either Aletum's claimed filing date (August 28, 2020) or the date reflected in the Activity Log (August 31, 2020), the Charge was not timely filed. ECF No. 17-3 at 5; ECF No. 17-4 at 16. Thus, the claims must be dismissed for failure to exhaust administrative remedies.

Aletum has no real response to having filed the Charge after the 300-day period. Even though Aletum had not signed the Charge until August 28, 2020, ECF No. 17-2, he opines that "it is not clear why the charge of discrimination was not filed within 300 days." ECF No. 20 at 6. But this amounts to no argument at all. Because Aletum did not file a timely charge, the case cannot proceed.

Alternatively, Wesco maintains that even if the Charge was timely filed, Aletum failed to file this lawsuit in a timely manner. ECF No. 17-1 at 6. Aletum does not dispute that he was required to file suit in federal court within 90 days after receiving his right-to-sue letter from the EEOC. ECF No. 20 at 6; *see also* 42 U.S.C. § 2000e–5(f)(1); *Davis v. Va. Commonwealth Univ.*, 180 F.3d 626, 628 n. 3 (4th Cir. 1999). Nor does he dispute that he received the right-to-sue letter on May 12, 2021, the day he downloaded the letter via the EEOC online portal. ECF No. 17-4 at 3; ECF No. 20 at 4, 6. Aletum did not file his Complaint, however, until January 20, 2022, well beyond the 90-day filing window. ECF No. 7. Thus, the claim is time-barred for this reason as well.

Aletum responds that equitable tolling should save the claim. The doctrine of equitable tolling excuses a late filing when the movant demonstrates that extraordinary circumstances beyond his control prevented his timely filing. *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (en banc); *see United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004); *Bratcher v. Pharm. Prod. Dev., Inc.,* 545 F. Supp. 2d 533, 543 (E.D.N.C. 2008). To demonstrate the propriety of equitable tolling, the plaintiff must do more than front "garden variety claims of excusable neglect." *Rouse*, 339 F.3d at 246. Rather, the party seeking the benefit of equitable tolling must show that he diligently pursued his rights, but nonetheless, circumstances beyond his control prevented timely suit. *See Holland v. Florida*, 560 U.S. 631, 649–50 (2010).

Aletum has made no such showing. He obliquely argues that the COVID-19 pandemic and his disability prevented timely suit. ECF No. 20 at 6–7. But as a prolific filer, Aletum has pursued similar actions during the COVID-19 pandemic either on his own or with the assistance of his current counsel, Mr. Branch. *See, e.g.*, *Aletum v. Grazzini*, No. DKC 20-1793, 2021 WL 147030 (D. Md. Jan. 15, 2021) (complaint filed April 13, 2020); *Aletum v. Prince-Oppusing Staffing Co.*, GJH-20-3041, 2022 WL 17833389 (D. Md. Dec. 21, 2022) (pro se complaint filed Oct. 19, 2020). Accordingly, generalized assertions of "difficulties" inherent in litigating claims during the pandemic will not suffice. Equitable tolling is simply not supported here. For these reasons, the claims must be dismissed.

The Court next turns to whether dismissal will be with prejudice, as Wesco urges. ECF No. 17 at 1. Whether to dismiss claims with or without prejudice remains well within the district court's discretion. *See Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013) (citing *180s, Inc. v. Gordini U.S.A., Inc.*, 602 F. Supp. 2d 635, 638–39 (D. Md. 2009)); *Carter v. Norfolk Cmty. Hosp. Ass'n*, 761 F.2d 970, 974 (4th Cir. 1985). Dismissal with prejudice is

warranted where permitting further amendment of the complaint would be futile; that is, where no amount of "amendment" can cure the pleading defects. *See McLean v. United States*, 566 F.3d 391, 401 (4th Cir. 2009) ("Once a court has determined that the complaint is truly unamendable, a dismissal without prejudice is of little benefit to the litigant, as the claim cannot be made viable through reformulation."). Because Aletum failed to file a timely Charge and thereafter failed to timely file suit, and without any cause for equitable tolling, the claims cannot be saved. Permitting further amendment of the Complaint, therefore, would be futile. The Court will accordingly dismiss the claims with prejudice. *See, e.g., Rowlette v. Lifebridge Health*, No. RDB-18-2706, 2019 WL 5696841, at *4 (D. Md. Nov. 4, 2019) (dismissing with prejudice when plaintiff failed to file a timely charge of discrimination).

### IV.  Conclusion

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss. A separate Order follows.

<table>
<tr><td>November 28, 2023<br>Date</td><td>   /s/<br>Paula Xinis<br>United States District Judge</td></tr>
</table>